IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | § | |
|---|---|---|
| NORTH DALLAS LAWN CARE AND LANDSCAPE INC. et al., | § § § | |
| *Plaintiffs*, | § | Civil Action No. 4:16-cv-891-JRG |
| v. | § § | |
| HARTFORD LLOYDS INSURANCE COMPANY, | § § § | |
| *Defendant*. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Withdraw the Reference (Dkt. No. 1) filed by Defendant Hartford Lloyds Insurance Company ("Hartford"). Having considered the Motion and the Report and Recommendation (Dkt. No. 5) of Chief Bankruptcy Judge Brenda Rhoades, the Court is of the opinion that the Motion to Withdraw the Reference should be **GRANTED**.

## I. Background

As outlined in the Report and Recommendation, North Dallas Lawn Care & Landscape, Inc. ("North Dallas Lawn Care") filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on July 15, 2015. The Bankruptcy Court confirmed North Dallas Lawn Care's Plan of Reorganization on June 1, 2016. On July 20, 2016, after plan confirmation, North Dallas Lawn Care, acting through the Receiver appointed by the Bankruptcy Court, filed suit against Hartford, alleging a claim for breach of contract under Texas state law and a claim for turnover of property to the estate pursuant to § 542 of the

Bankruptcy Code. The Court refers to such suit as the "Adversary Proceeding."[1] On September 15, 2016, Hartford filed in the Bankruptcy Court a Motion to Withdraw the Reference, seeking to have the Adversary Proceeding heard by the District Court rather than the Bankruptcy Court.

On October 10, 2016, North Dallas Lawn Care filed an Amended Complaint, which no longer includes a claim under § 542 of the Bankruptcy Code. (Dkt. No. 14 in 4:16-ap-4078.) Soon after, the Bankruptcy Court entered an Agreed Order, signed by both parties, confirming that North Dallas Lawn Care had indeed abandoned its claim under § 542. (Dkt. No. 20 in 4:16-ap-4078.) On the same day, the Bankruptcy Judge issued her Report and Recommendation, recommending that the reference to the Bankruptcy Court be withdrawn in all respects as to the Adversary Proceeding and that such proceeding be tried by jury before the District Court. (Dkt. No. 5; Dkt. No. 21 in 4:16-ap-4078.) The Report also notes that at the hearing before the Bankruptcy Court, North Dallas Lawn Care represented that it no longer opposes withdrawal of the Adversary Proceeding to the District Court. (Dkt. No. 5 at 3.) As such, the Court will treat Defendant Hartford's Motion as unopposed.

Regardless of the parties' agreement that this Adversary Proceeding should proceed before the District Court, federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Defendant Hartford first asserts that this Court has jurisdiction under 28 U.S.C. § 1334(b). Section 1334(b) provides district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." In the alternative, Hartford argues that the District Court and, in turn, the Bankruptcy Court, lack

---

[1] The docket for the Adversary Proceeding may be found at 4:16-ap-4078 within the Eastern District of Texas Bankruptcy Court filing system.

post-confirmation "related to" jurisdiction over this matter, but that the District Court may nonetheless adjudicate the case based on diversity jurisdiction. (Dkt. No. 1 at 12–13.)

Out of a concern that "related to" jurisdiction may not exist in this case, the Court ordered Defendant to file a declaration regarding its citizenship and the citizenship of its underwriters. (Dkt. No. 6.) The Court further ordered both parties to submit briefing addressing the presence or absence of the Court's jurisdiction in light of the submitted declaration. (Dkt. No. 6.)

## II. Analysis

In their respective briefs filed pursuant to the Court's Order, both parties argue that diversity jurisdiction exists in this suit. (Dkt. Nos. 8 and 9.) The Court agrees. As such, the Court need not address the scope of "related to" jurisdiction as it applies to this case.

A district court in a civil case has diversity jurisdiction under 28 U.S.C. § 1332(a) where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.

Defendant Hartford Lloyd's Insurance Company is a particular type of business entity created by Texas statute and referred to as a "Lloyd's plan." Tex. Ins. Code Ann. §§ 941.001–.702 (West 2009). A Texas "Lloyd's plan" is defined by statute as "an entity engaged in the business of writing insurance on the Lloyd's plan." Tex. Ins. Code Ann. § 941.001 (West 2009). An "underwriter" of such a plan is defined as "an individual, partnership, or association of individuals that writes insurance on the Lloyd's plan." Tex. Ins. Code Ann. § 941.001 (West 2009). The "attorney in fact" of a Lloyd's plan may execute insurance policies for the plan. Tex. Ins. Code Ann. § 941.052 (West 2009).

As to the complete diversity of citizenship requirement, a Texas Lloyd's plan is an unincorporated association, and its citizenship is defined by the citizenship of its members. *Royal*

3

*Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) (looking to the citizenship of the members of a Lloyd's plan insurance association to evaluate diversity jurisdiction). *See also Weston Plaza, LTD v. Hartford Lloyd's Ins. Co.*, No. 3:11-cv-1034, 2011 WL 4712239, at *2 (N.D. Tex. Sept. 1, 2011), report and recommendation adopted sub nom. *Weston Plaza, Ltd. v. Hartford Lloyd's Ins. Co.*, No. 3:11-cv-1034, 2011 WL 4731087 (N.D. Tex. Oct. 7, 2011) (discussing the citizenship of Defendant Hartford Lloyd's Insurance Company). The Fifth Circuit has held that the membership of a Texas Lloyd's group consists solely of the underwriters and does not include the attorney in fact. *Royal Ins. Co. of Am.*, 3 F.3d at 882. As such, Defendant's citizenship is defined solely by the citizenship of its underwriters.

In accordance with this Court's Order, Defendant filed a declaration from its corporate representative, Lisa Levin, who serves as Defendant's Secretary and Attorney in Fact. (Decl. of Lisa Levin, Dkt. No. 7-1 ("Levin Decl.").) As outlined in that declaration, Defendant is a Texas Lloyd's corporation and is comprised of individual underwriters acting by and through Defendant's Attorney in Fact. (Levin Decl. ¶ 2.) Each underwriter is a natural person, and Defendant has identified the names and citizenship of each of those underwriters. (Levin Decl. ¶ 3–4.) The citizenship of the twelve underwriters includes the State of Connecticut, the State of Washington, and the Commonwealth of Massachusetts. (Levin Decl. ¶ 4.) Thus, Defendant is not a citizen of the State of Texas. *See Royal Ins. Co. of Am*, 3 F.3d at 882. Given that North Dallas Lawn Care is a corporation organized under the laws of Texas with its principal place of business in Texas (*see* Dkt. No. 9 at 1), complete diversity of citizenship exists among the parties.

As to the amount in controversy, Defendant notes that Plaintiff's Complaint seeks at least $769,000, which clearly exceeds the amount in controversy necessary to establish diversity jurisdiction. (Dkt. No. 8 at 3.) As another court has explained:

> "[F]or unincorporated associations such as partnerships, limited partnerships, labor unions, and limited liability companies, courts have consistently looked to the individual members of the association for complete diversity purposes, but at the association itself as an entity for amount in controversy purposes. . . . Courts have consistently followed the same pattern for Texas Lloyd's plans."

*Cronin v. State Farm Lloyds*, No. Civ.A.H-08-1983, 2008 WL 4649653, at *6 (S.D. Tex. Oct. 10, 2008). *See also Weston Plaza*, 2011 WL 4712239, at *3–4 (same). As such, the Court finds that the parties have satisfied the amount in controversy requirement in this case.

### III. Conclusion

Without deciding whether "related to" jurisdiction exists in this case, the Court finds that it nonetheless has jurisdiction over this case based at least on diversity jurisdiction. As such, Defendant's Motion to Withdraw the Reference (Dkt. No. 1) is **GRANTED**.

**So ORDERED and SIGNED this 15th day of June, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE